UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: GREYLOCK MCKINNON ASSOCIATES DATA SECURITY INCIDENT LITIGAITON | CASE NO. 1:24-CV-10797 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS**

WHEREAS, the above-styled Action was consolidated by this Court on May 17, 2024 against Defendant Greylock McKinnon Associates ("Defendant"). Plaintiffs Tim Isaac, Mary Gregel, Theresa McFadden, Valerie Gunther, LeLand Wooten Jr., Paulette Zalewski, Dale Robertson, Daniel Jasperson, Albert Waddington, Dina Crocetto-Waddington, John McLaughlin, Charles McCurdy, Lynn Kohler, Richard Lilly, and Michael Rosen, (collectively "Plaintiffs") individually and on behalf of the Settlement Class (defined below) reached an agreement with Defendant settling their related claims, as set forth in more detail in the Settlement Agreement ("Settlement Agreement");

WHEREAS, Plaintiffs individually and on behalf of themselves and on behalf of all others similarly situated and the proposed Settlement Class (defined below), and Defendant (collectively, the "Settling Parties"), have entered into a Settlement Agreement and resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of arm's-length negotiations, investigation, informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are well experienced in similar class action litigation; and

WHEREAS, Named Plaintiffs, the proposed Class Representatives, have moved the Court for entry of an Order Granting Preliminary Approval of Class Action Settlement and Conditionally Certifying Settlement Class ("Preliminary Order") approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement Agreement, together with all exhibits thereto.

WHEREAS, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

WHEREAS, the Court having considered the Settlement Agreement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, **HEREBY ORDER**S as follows:

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASSES

1. Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement is GRANTED. The terms defined in the Settlement Agreement shall have the same meanings in this Order.

2. Having made the findings set forth below, the Court conditionally certifies the following Class (comprised of the "Damages Settlement Class" and the "Injunctive Relief Settlement Class," hereinafter "Settlement Class") for settlement purposes only:

>   The Damages Settlement Class means all individuals residing in the United States whose Social Security number was affected by the Data Incident.
>
>   The Injunctive Relief Settlement Class means all individuals residing in the United States whose Private Information was affected by the Data Incident.

3. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and its current or former officers and directors; and (3) Damages Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class.

6. The Court hereby appoints Raina C. Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel.

## II.   PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

7. The terms of the Settlement, including its proposed release, are preliminarily approved under Rule 23(e)(1)(B) as the Court will likely be able to find that the Settlement is fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8. The Settlement is not a concession or admission, and shall not be used against the Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by the Defendant or any of the Released Parties. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or

wrongdoing by the Defendant or any of the Released Parties or of the truth of any of the claims or allegations made; and evidence of the Setlement shall not be discoverable or used directly or indirectly by the Class or any third party, in any way for any purpose, except that the provisions of the Settlement Agreement may be used by the Parties to enforce its terms, whether in this action or in any other action or proceeding.

### III.     NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9.      The Court appoints Epiq Class Action Claims & Solutions, Inc. as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10.     The Court has considered the Notice provisions of the Settlement, the Notice Program set forth in the Settlement Agreement and the Postcard (Short Form) Notice and Long Form Notice, attached as Exhibits 1 and 2 to the Settlement Agreement, respectively, and as further defined in the Settlement Agreement. The Court finds that the direct mailing of the Postcard Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Short Form Notice and Long Form Notice in the forms attached as Exhibits 1 and 2, respectively, to the Settlement Agreement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement Agreement.

11.     The Court approves as to form and content the Claim Form attached as Exhibit 3 to the Settlement Agreement.

12. Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement Agreement and the Claim Form under which they are entitled to seek relief. The Claim Form Deadline is 30 days before the initial scheduled Final Approval Hearing. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

13. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

## IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

14. Each person wishing to opt out of the Damages Settlement Class must timely submit written notice of such intent to the designated Post Office Box established by the Settlement Administrator. The opt-out request must be personally signed by the Damages Settlement Class member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 30 days before the initial scheduled Final Approval Hearing.

15. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

16. Persons falling within the definition of the Damages Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms

of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

## V. OBJECTIONS

17. Objections must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, 30 days before the initial scheduled Final Approval Hearing as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted timely if received with a postmark date indicated on the envelope prior to the deadline if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

18. For an objection to be considered by the Court, the objection must also set forth:

    a. the objector's full name, mailing address, telephone number, and email address (if any);

    b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c. the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

    d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to

the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

  e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

  f. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

  g. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

  h. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

  i. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

  j. the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

 19. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or

reasonableness of the Settlement, including its releases, the Order and Judgment approving the Settlement, and Class Counsels' motion for a Fee Award and Costs and Plaintiffs' Service Award.

## VI. THE FINAL APPROVAL HEARING

20. The Court will hold a Final Approval Hearing on __July 9__, 2025, at _2_ : _00_ _p_.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for Named Plaintiffs' service awards as provided for under the Settlement; (e) whether the release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and [Proposed] Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members other than on the Court's docket and the Settlement Website be continued or adjourned by order of the Court.

21. No later than 45 days before the original date set for the Final Approval Hearing, the Plaintiffs shall file their Motion for Final Approval of Class Action Settlement, inclusive of their Application for Attorneys' Fees, Costs, and Service Awards.

22. The related time periods for events preceding the Final Approval Hearing are as follows:

| EVENT | DATE |
|---|---|
| Defendant provides list of Settlement Class Members to the Settlement Administrator | 10 days after Preliminary Approval |

| | |
|---|---|
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) on behalf of GMA | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form Notice Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval |
| Notice Program Completed | 60 days before the original date set for the Final Approval Hearing |
| Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the original date set for the Final Approval Hearing |
| Objection Deadline | 30 days before the original date set for the Final Approval Hearing |
| Opt-Out Deadline | 30 days before the original date set for the Final Approval Hearing |
| Claims Deadline | 30 days before the original date set for the Final Approval Hearing |
| Responses to Any Objections | 10 days before the Final Approval Hearing |
| **Final Approval Hearing** | July 9, 2025 at 2:00 ~~a.m.~~/p.m. (or soon thereafter depending on the Court's availability). |

23.  Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed and any Settlement Class Member is hereby enjoined from litigating any Released Claim in any other court pending final approval of the Settlement.

**SO ORDERED.**

Dated: __January 31__, 2025

_____
JUDGE DENISE J. CASPER