# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: GREYLOCK MCKINNON ASSOCIATES DATA SECURITY INCIDENT LITIGAITON | CASE NO. 1:24-CV-10797-DJC |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement"),[1] dated January 29, 2025, is entered into between Plaintiffs, on behalf of themselves and the Settlement Class, on the one hand, and Defendant Greylock McKinnon Associates, Inc., on the other hand. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

**I.    Background**

1.    Defendant is a Boston, Massachusetts based consulting firm that provides expert economic analysis and litigation support to domestic and international clients. Its clients include Fortune 100 companies, small and regional businesses, state and federal agencies, and law firms.

2.    In the course of operating its business, Defendant from time to time receives personal information, including identifiable information related to its employees, its clients and its clients' customers.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

3.      On or about May 30, 2023, Defendant discovered suspicious activity related to certain of its computer systems. Defendant investigated the activity and determined there was unauthorized access and/or acquisition by cybercriminals of certain files and folders within the Defendant's network. Following an extensive forensic and manual review, Defendant determined that the cyberattack may have affected the Personal Information of some individuals, which may have included names, Social Security numbers, Medicare Health Insurance Claim Numbers, medical information and/or health insurance information.

4.      On February 23, 2024, the Defendant began notifying by letter individuals who may have had their Personal Information impacted in the Data Incident.

5.      As a result of the Data Incident, commencing on March 27, 2024, the Defendant was named in the first of eleven putative related actions that have overlapping claims, seeking to represent the same putative class members, and arise out of the same Data Incident.

6.      Plaintiffs in the related actions conferred, agreed, and moved the Court on April 30, 2024, to consolidate the actions.

7.      Plaintiffs further agreed and moved the Court on May 6, 2024, to appoint Raina Borrelli and Jeff Ostrow as Interim Co-Lead Class Counsel.

8.       The Court consolidated the cases on May 17, 2024.

9.      On June 17, 2024, Plaintiffs filed a Consolidated Class Action Complaint against the Defendant, alleging claims for negligence, negligence per se, breach of third-party beneficiary contract, unjust enrichment, invasion of privacy, violation of California's Consumer Records Act, California's Unfair Competition Law, California's Consumer Privacy Act, New Jersey's Consumer Security Breach Disclosure Act, and New Jersey's Consumer Fraud Act.

10.      The Court granted the motion appointing Raina Borrelli and Jeff Ostrow as Interim

Co-Lead Class Counsel on June 28, 2024.

11.     At In or around late June 2024, the Parties began discussing settlement.

12.     The Parties continued negotiating the parameters and structure of a settlement for several months. They agreed to the material terms of a settlement on October 28, 2024.

13.     The Parties filed a Notice of Classwide Settlement with the Court on November 15, 2024.

14.     The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the Data Incident and the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to their business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint (and similarly does not concede any of the allegations in the other complaints in the Related Actions), and disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficient of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

15.    "Action" means the lawsuit entitled: *In Re: Greylock McKinnon Associates Data Security Litigation*, Case No. 1:24-CV-10797-DJC, filed in the United States District Court for the District of Massachusetts.

16.    "Application for Attorneys' Fees, Costs, and Service Awards" means the application to be made with the Motion for Final Approval seeking Service Awards for Class Representatives and Class Counsel's attorneys' fees and reimbursement for costs.

17.    "Cash Payment" means compensation in the form of Cash Payment A or Cash Payment B paid to Damages Settlement Class Members who submit Valid Claims.

18.    "Cash Payment A" means cash compensation for Documented Losses that Damages Settlement Class members may elect under Section V herein.

19.    "Cash Payment B" means the *pro rata* cash compensation that Damages Settlement Class Members may elect under Section V herein.

20.    "Claim" means the submission of a Claim Form by a Claimant.

21.    "Claim Form" means the proof of claim, substantially in the form attached hereto as ***Exhibit 3***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

22.    "Claim Form Deadline" shall be 30 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Damages Settlement Class member to be eligible for a Cash Payment.

23.     "Claimant" means a Damages Settlement Class member who submits a Claim Form.

24.     "Class Counsel" means Raina Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A.

25.     "Class List" means a list of all individuals in the Damages Settlement Class. Defendant shall prepare and provide the Class List to the Settlement Administrator for Notice using information in its records. Class List shall include the Damages Settlement Class Members' names and postal address.

26.     "Class Representatives" means Plaintiffs.

27.     "Complaint" means the Consolidated Class Action Complaint filed in the Action on June 17, 2024.

28.     "Court" means the United States District Court for the District of Massachusetts and the Judge(s) assigned to the Action.

29.     "Credit Monitoring" means one year of one bureau of credit monitoring that Damages Settlement Class Members may elect under Section V herein.

30.     "Damages Releasing Parties" means (i) Plaintiffs and all Damages Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which a Plaintiff and/or other participating Damages Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him or her, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Damages Settlement Class Member, and all those

who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

31.    "Damages Settlement Class" means "all individuals residing in the United States whose Social Security number was affected by the Data Incident." Excluded from the Damages Settlement Class are (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a request to opt-out prior to the Opt-Out Deadline.

32.    "Damages Settlement Class Member Benefit" means the cash compensation and Credit Monitoring a Damages Settlement Class Member may elect under the Settlement. It also includes the Injunctive Relief.

33.    "Damages Settlement Class Member Payment" means the cash compensation (Cash Payment A and Cash Payment B) a Damages Settlement Class Member may elect under the Settlement.

34.    "Data Incident" means the incident in which an unauthorized third party potentially gained access to Settlement Class Members' Personal Information on or about May 30, 2023.

35.    "Defendant" means Greylock McKinnon Associates, Inc.

36.    "Defendant's Counsel" means Wystan M. Ackerman, Linn F. Freedman, and Kevin

P. Daly of Robinson & Cole LLP.

37.     "Documented Losses" means without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the Claims Deadline; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

38.     "Effective Date" means 40 days after the entry of the Final Approval Order, provided there are no objections to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 40 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last Court of Appeals or Supreme Court ruling affirming the Final Approval Order or denying certiorari, or 30 days after the entry of a dismissal of the appeal.

39.     "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

40.     "Final Approval" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

41.     "Final Approval Hearing" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs and Service Award.

42.     "Final Approval Order" means the final order that the Court enters granting Final

Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and any Service Awards for Class Representatives.

43.     "Injunctive Relief Releasing Parties" means (i) Plaintiffs and all Injunctive Relief Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which Plaintiffs and/or other participating Injunctive Relief Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him or her, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Injunctive Relief Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

44.     "Injunctive Relief Settlement Class" means "all individuals residing in the United States whose Personal Information was affected by the Data Incident." Excluded from the Injunctive Relief Settlement Class are (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors,

predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

45.     "Long Form Notice" means the long form notice of the Settlement, substantially in the form attached hereto as **_Exhibit 2_**, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

46.     "Motion for Final Approval" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

47.     "Motion for Preliminary Approval" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

48.     "Net Settlement Fund" means the Settlement Fund after payment of all Court-awarded attorneys' fees, costs, and Service Awards, and for all Valid Claims made for Cash Payment A and Credit Monitoring.

49.     "Notice" means the Postcard Notice, Long Form Notice, Settlement Website and settlement telephone line that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

50.     "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of the Postcard Notice, Long Form Notice, Settlement Website and Settlement telephone line.

51.     "Notice of Deficiency" means the notice sent by the Settlement Administrator to a Damages Settlement Class member who has submitted an invalid Claim.

52.     "Objection Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval

Hearing.

53.     "Opt-Out Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

54.     "Party" means each of the Plaintiffs and the Defendant, and "Parties" means Plaintiffs and Defendant collectively.

55.     "Personal Information" means Settlement Class members' information that may have been accessible in the Data Incident, which may include: names, Social Security numbers, health insurance claim numbers, medical information and/or health insurance information.

56.     "Plaintiffs" means Tim Isaac, Mary Gregel, Theresa McFadden, Valerie Gunther, LeLand Wooten Jr., Paulette Zalewski, Dale Robertson, Albert Waddington, Dina Crocetto-Waddington, John McLaughlin, Charles McCurdy, Lynn Kohler, Richard Lilly, Daniel Jaspserson, and Michael Rosen.

57.     "Postcard Notice" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, that the Settlement Administrator shall disseminate to the Settlement Class by mail.

58.     "Preliminary Approval" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

59.     "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice Program.

60.     "Releases" means the releases and waiver set forth in Section XIII of this Agreement.

61.    "Released Claims" means the claims described in Section XIII of this Agreement. "Released Parties" means Defendant, Greylock McKinnon Associates, Inc., and its present and former parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, clients, customers, data owners, associated third parties, predecessors, successors and assigns, and any other person acting on Defendant's behalf, in their capacity as such. It is understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

62.    "Releasing Parties" shall mean, collectively, the Damages Releasing Parties and the Injunctive Relief Releasing Parties.

63.    "Service Awards" shall mean the payments the Court may award the Plaintiffs for serving as Class Representatives.

64.    "Settlement Administrator" or "Epiq" means Epiq Class Action Claims & Solutions, Inc. or any substitute class action settlement administrator appointed by the Court.

65.    "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

66.    "Settlement Class" means both the Damages Settlement Class and the Injunctive Relief Settlement Class.

67.    "Settlement Class Member" means any member of the Damages Settlement Class who has not opted-out of the Settlement and all members of the Injunctive Relief Class.

68.    "Settlement Class Member Benefit" means a Cash Payment that Damages Settlement Class Members may elect, or the Injunctive Relief which benefits both the Damages Settlement Class Members and the Injunctive Relief Settlement Class Members.

69.    "Settlement Fund" means the $600,000.00 all cash non-reversionary fund that Defendant has agreed to pay or cause to be paid under the terms of the Settlement.

70.    "Settlement Website" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Complaint, Answer to the Complaint, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for six months after Final Approval.

71.    "Valid Claim" means a Claim Form submitted by a Damages Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the available information requested in the Claim Form, by a Damages Settlement Class Member; (c) signed physically or by e-signature by a Damages Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination the Claim is not a Valid Claim.

III.  **Settlement Fund**

72.     Within 10 days of Preliminary Approval, Defendant shall deposit $100,000.00 in cash into the Escrow Account to establish the Settlement Fund. On or before the Effective Date, Defendant shall fund the Escrow Account with the remaining $500,000.00 to complete the funding of the Settlement Fund. Once the Settlement Fund is fully funded, Defendant shall not be required to pay any more money under this Settlement under any circumstances for any reason.

73.     The Settlement Fund shall be used to pay: (1) all Cash Payments to and the cost of Credit Monitoring for Damages Settlement Class Members who submit Valid Claims; (2) any Service Awards awarded to Class Representatives; (3) any attorneys' fees and costs awarded to Class Counsel; and (4) all Settlement Administration Costs. Prior to the Effective Date, the Settlement Fund may be used only to pay Settlement Administration Costs.

74.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg.§ 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of those taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable

by reason of any such indemnification) on income earned by the Escrow Account or otherwise imposed on funds while they are held in the Escrow Account. The Escrow Account may not be used to pay taxes that may be owed by Plaintiffs or Class Counsel on amounts they receive as Service Awards, attorneys' fees or costs awarded by the Court.

## IV.     Certification of the Settlement Class

75.     Plaintiffs shall propose and recommend to the Court that the Settlement Class be certified for Settlement purposes only. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this Action shall proceed as a settlement class action; provided however, that if a Final Approval Order is not issued or if the Settlement is terminated under the provisions of this Agreement, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement or any negotiations leading to this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.     Settlement Consideration

76.     **Cash Payments and Credit Monitoring for Damages Settlement Class Members** – Damages Settlement Class Members are entitled to submit Claims for a Cash Payment and/or Credit Monitoring. When submitting a Claim for a Cash Payment, Damage Settlement Class Members may elect Cash Payment A for Documented Losses, if applicable, and/or Cash Payment B to receive a *pro rata* share of the Net Settlement Fund. If a Damages Settlement Class Member does not submit a Valid Claim or opt-out, the Damages Settlement Class Member will release his or her claims against Defendant without receiving a Damages Settlement Class Member Benefit. The Releases are specified in Section XIII of this Agreement.

### a.    Cash Payment A –Documented Losses

Damages Settlement Class Members may submit a Claim for a Cash Payment under this section for up to $10,000.00 each upon presentment of Documented Losses related to the Data Incident. To receive a Cash Payment for Documented Losses, a Damages Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring Documented Losses. Damages Settlement Class Members will be required to submit reasonable documentation supporting the Documented Losses. Damages Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise. If a Damages Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Damages Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Damages Settlement Class Member's Claim will be treated as if he or she elected Cash Payment B. The Settlement Administrator's decision with respect to whether a Claim is a Valid Claim, when the Settlement Administrator has determined that the decision is final, shall not be subject to further review by appeal to the Court or otherwise. In the event that approved Claims for Cash Payment A exceed all of the available funds within the Settlement Fund, any approved Claims for Cash Payment A will be reduced *pro rata* and no payments will be issued under the Cash Payment B option.

### b.    Cash Payment B – *Pro Rata* Cash Payment

In addition to Cash Payment A above, all Damages Settlement Class Members may also

elect to receive Cash Payment B, which is a *pro rata* share of all cash remaining in the Net Settlement Fund. To receive Cash Payment B, Damages Settlement Class Members must file a Valid Claim. The amount of the payment will be based upon the amount in the Net Settlement Fund, if any, after the payment of claims for Cash Payment A and for Credit Monitoring and the number of Damages Settlement Class Members who make Valid Claims for Cash Payment B. The Settlement Administrator's determination of the amount of the Cash Payment B, if any, shall be final and not subject to review by the Court or otherwise.

       **c.**      **Credit Monitoring**

In addition to electing Cash Payment A and/or B above, all Damages Settlement Class Members may also elect to receive Credit Monitoring, which will be arranged by the Settlement Administrator and paid for out of the Settlement Fund prior to issuance of any Cash Payments.

77.    **Injunctive Relief for Settlement Class Members** - Plaintiffs have received assurances that Defendant has undertaken reasonable steps to further secure its systems and environments. Defendant has implemented the following since the Data Incident and will agree to maintain these systems in place for three years subject to upgrading to new versions or replacing with equivalent or superior software if the software listed is discontinued or in Defendant's reasonable business judgment: Mimecast, CrowdStrike, Microsoft BitLocker, multi-factor authentication, upgraded routers, updated password policy, updated security for VPN access, and annual penetration testing. Additionally, Defendant shall identify the cost of these security-related measures, all of which will be paid for by Defendant separate from the Settlement Fund. This injunctive relief has substantial value to the Settlement Class.

78.    Defendant has provided confidential discovery regarding the facts and circumstances of the Data Incident and Defendant's response thereto, and the changes and

improvements that have been made to protect class members' Personal Information. Defendant will provide a sworn declaration attesting to the amount of money spent on remediation efforts and security enhancements, which has a cost of at least $195,000.

## VI.    Settlement Approval

79.    Upon execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval, after review by Defendant. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendant.

80.    The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim process; (5) approve the procedures for individuals in the Settlement Class to opt-out of or object to the Settlement; (6) stay the Action and Related Actions pending Final Approval of the Settlement; and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendant's Counsel.

## VII.    Settlement Administrator

81.    The Parties agree that, subject to Court approval, Epiq shall be the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

82.    The Settlement Administrator shall administer various aspects of the Settlement as

described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments and instructions on how to activate Credit Monitoring to those Damages Settlement Class Members who submit Valid Claims.

83.     The Settlement Administrator's duties include to:

a.      Complete the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending Long Form Notices and paper Claim Forms on request from individuals in the Settlement Class, reviewing and approving or rejecting Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Cash Payments and instructions on how to activate Credit Monitoring to those Damages Settlement Class Members who submit Valid Claims;

b.      Establish and maintain the Settlement Fund in the Escrow Account approved by the Parties;

c.      Establish and maintain a post office box to receive opt-out requests from the Settlement Class and objections from Damages Settlement Class Members, and Claim Forms;

d.      Establish and maintain the Settlement Website to provide important information about the Settlement and electronic submission of Claim Forms;

e.      Establish and maintain an automated toll-free telephone line for the Settlement Class to call with Settlement-related inquiries, and answer frequently asked questions of individuals in the Settlement Class who call with or otherwise communicate such inquiries;

f.      Respond to any mailed Settlement Class member inquiries;

g.      Process all opt-out requests from the Settlement Class;

18

h.    Provide weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

i.    In advance of the Final Approval Hearing, prepare a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names and addresses of each individual in the Settlement Class who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received and attaching copies thereof, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

j.    Distribute, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

k.    Pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund;

l.    Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

m.    Any other Settlement Administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

84.    The Notice Program and Notices will be reviewed and approved by the Settlement Administrator, but may be revised as agreed upon by the Parties prior to submission to the Court for approval. Immaterial and formatting revisions to the Notices may also be made prior to

dissemination of Notice.

### VIII.    **Notice to the Settlement Class**

85.    Defendant will coordinate to make available to the Settlement Administrator the Class List no later than 10 days after entry of the Preliminary Approval Order.

86.    Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Postcard Notice shall be disseminated via U.S. Mail to the Damages Settlement Class Members' mailing addresses, to the extent known. Notice shall also be published on the Settlement Website.

87.    The Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; the last day of the Objection Period for Damages Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

88.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement

Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

89.     The Long Form Notice also shall include a procedure for individuals in the Settlement Class to opt-out of the Settlement; and the Postcard Notice shall direct individuals in the Settlement Class to review the Long Form Notice to obtain the opt-out instructions. Individuals in the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Damages Settlement Class member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim.

90.     The Long Form Notice also shall include a procedure for Settlement Class members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct the Settlement Class to review the Long Form Notice to obtain the objection instructions. Objections must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date

reflected on the shipping label.

91.     For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.      the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g.      the identity of all counsel (if any) representing the objector who will appear

22

at the Final Approval Hearing;

        h.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

        i.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

        j.     the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

92.     The Settlement Administrator shall perform reasonable address traces for those Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Damages Settlement Class members whose new addresses were identified as of that time through address traces.

93.     The Notice Program shall be completed no later than 60 days before the original date set for the Final Approval Hearing.

**IX.**     **Claim Form Process and Disbursement of Cash Payments**

94.     The Notice will explain to the Settlement Class that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

95.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

96.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim, and the Settlement Administrator's final decision shall not be reviewable by the Court or otherwise.

97.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Damages Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Damages Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of claims, and if there is, contact the Damages Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

98.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the

24

Parties and ultimate oversight by the Court.

99.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or the Damages Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

100.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.    Failure to fully complete and/or sign the Claim Form;

b.    Illegible Claim Form;

c.    The Claim Form is fraudulent;

d.      The Claim Form is duplicative of another Claim Form;

e.      The Claimant is not a Damages Settlement Class Member;

f.      The Claimant submitted a timely and valid request to opt-out of the Settlement Class, unless the opt-out request is withdrawn by the Claimant in writing.

g.      The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

101.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph.

c.      If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding, and not subject to review by the Court or otherwise.

102.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all

26

notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

103.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

104.    The Settlement Administrator shall distribute the Damages Settlement Class Member Benefits no later than 75 days after the Effective Date.

105.    Cash Payments to Damages Settlement Class Members will be made electronically or by paper check. Damages Settlement Class Members who provide incorrect or incomplete electronic payment information shall receive a paper check in the mail. Damages Settlement Class Members receiving payment by check shall have 180 days to negotiate the check.

106.    The Settlement Administrator will send an email to Damages Settlement Class Members with Valid Claims that elected Credit Monitoring with information on how to enroll in the program, including the activation code.

## X.    **Final Approval Order and Final Judgment**

107.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the

Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

108.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.      Determine that the Settlement is fair, adequate and reasonable;

      b.      Finally certify the Settlement Class for settlement purposes only;

      c.      Determine that the Notice Program satisfies Due Process requirements;

      d.      Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.      Release Defendant and the Released Parties from the Released Claims; and

      f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    **Service Awards, Attorneys' Fees and Costs**

109.     **Service Awards** – In recognition of the time and effort the Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class Representatives, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel may request a Service Award for the Class Representatives in the amount not to exceed $2,500.00 each.

110.    **Attorneys' Fees and Costs** - Class Counsel may apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of costs.

111.    Any Court-awarded Service Awards, attorneys' fees and costs shall be paid within 10 days after the Effective Date, by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel. In order to receive such payment, no more than 10 business days (not counting Saturdays, Sundays or legal holidays) before the payment is due, Plaintiffs and Class Counsel must provide a completed and signed IRS Form W-9 (Request for Taxpayer Identification Number and Certification) to the Settlement Administrator. Settlement Class Counsel and the Settlement Class Representatives agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

112.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

## XII.   Disposition of Residual Funds

113.    The Settlement is designed to exhaust the Settlement Fund. In the event there are funds remaining from uncashed checks in the Settlement Fund within 45 days following the 180-day check negotiation period, all remaining funds shall be distributed to Future of Privacy Forum as a *cy pres* recipient, subject to approval by the Court.

## XIII.  **Releases**

114.    As of the Effective Date, the Damages Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Incident; (b) the Action; or (c) any of the alleged violations of laws or regulations cited in the Complaint.

115.    As of the Effective Date, the Injunctive Relief Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all claims for injunctive relief that result from, arise out of, are based upon, or relate to the Data Incident.

116.    Plaintiffs and the Settlement Class Members covenant and agree they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

117.    Individuals in the Damages Settlement Class who opt-out of the Settlement prior to the Opt-Out Deadline do not release their individual claims and will not obtain any benefits under the Settlement.

118.    With respect to the Released Claims, Plaintiffs and Damages Settlement Class Members understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Damages Settlement Class Members took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Damages Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

119.    Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims as set forth in this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the releases herein

and that all of their claims in the Action shall be dismissed with prejudice and released as set forth in this Agreement, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

120.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

**XIV.    <u>Termination of Settlement</u>**

121.    This Agreement shall be subject to and is conditioned on the occurrence of all of the following events:

a.    Court approval of the Settlement and the Releases set forth in Section XIII of this Agreement;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

122.    If any of the conditions specified in the preceding paragraph are not met, then this Agreement may be cancelled and terminated.

123.    Defendant shall have the option to terminate this Agreement if more than 5% of the Settlement Class opt-out of the Settlement. Defendant shall notify Class Counsel and the Court of its or their intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

124.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

125.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid by or on behalf of Defendant. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within 21 days of termination.

## XV.    **Effect of Termination**

126.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo*

*ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

127.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    <u>No Admission of Liability</u>

128.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

129.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted informal

discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

130.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

131.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

132.    In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  Miscellaneous Provisions

133.    Gender and Plurals. As used in this Agreement, the masculine or feminine gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

134.   <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

135.   <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

136.   <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

137.   <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind have been made by any Party, except as provided for herein.

138.   <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

139.   <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Massachusetts, without regard to the principles thereof regarding choice of law.

140.   <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not

required. Electronic signatures exchanged in PDF format shall be treated as equivalent to original signatures.

141. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties (except that if a lawsuit is filed against the Defendant in another jurisdiction it may, at its option, seek to enforce this Agreement in that jurisdiction). The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

142. <u>Notices</u>. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

      Jeff Ostrow
      Kopelowitz Ostrow P.A.
      1 West Las Olas Blvd., Ste. 500
      Fort Lauderdale, FL 33301
      ostrow@kolawyers.com

      Raina Borrelli
      Strauss Borrelli PLLC
      980 N. Michigan Ave., Ste. 1610
      Chicago, Illinois 60611
      raina@straussborrelli.com

If to Defendant or Defendant's Counsel:

      Wystan M. Ackerman
      Linn F. Freedman
      Kevin P. Daly
      Robinson & Cole LLP
      One State Street
      Hartford, CT 06103

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

143.   <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

144.   <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

145.   <u>Authority</u>. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

146.   <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

147.   <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and

law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their counsel, consultants, and/or experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

148. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

149. <u>Confidentiality</u>. All persons involved in the Settlement will be required to keep confidential any Personal Information of any members of the Settlement Classes. Any documents or information provided to Class Counsel containing Personal Information must be destroyed within 30 days of the Settlement Administrator completing the issuance of all settlement payments.

150. <u>Public Statements</u>. There will be no press release regarding the Settlement, and neither side will initiate contacts with the media nor issue any public statement, comment, or promotional material that references the existence or terms of the Settlement or the litigation, other than to refer media inquiries to the Settlement Website and the Settlement documents filed with the Court.

151. <u>Deadlines</u>. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

152. <u>Retention of Records</u>. The Settlement Administrator and Class Counsel shall retain copies or images of all returned mailed notices, correspondence related thereto and settlement checks in their possession for a period of two (2) years after the Effective Date. After this time, the Settlement Administrator shall provide its records to Defendant if Defendant so desires, and the Settlement Administrator shall otherwise destroy any such documentary records they have in their possession regarding the administration of the Settlement (including all Class Member information).

*Signature Page to Follow*

## PLAINTIFFS

Tim [signature] (Jan 29, 2025 12:21 EST)
_____
TIM ISAAC


*Mary L Gregel*
Mary L Gregel (Jan 23, 2025 15:20 EST)
_____
MARY GREGEL


[signature]
Theresa McFadden (Jan 23, 2025 09:59 EST)
_____
THERESA MCFADDEN


[signature] ther (Jan 22, 2025 18:59 EST)
_____
VALERIE GUNTHER


[signature]
_____
LELAND WOOTEN, JR.


*Paulette J. Zalewski*
Paulette J. Zalewski (Jan 28, 2025 19:46 EST)
_____
PAULETTE ZALEWSKI


[signature]
Dale Robertson (Jan 23, 2025 17:44 EST)
_____
DALE ROBERTSON


[signature] ngton (Jan 23, 2025 16:25 EST)
_____
ALBERT WADDINGTON


Dina [signature] Waddington (Jan 23, 2025 17:55 EST)
_____
DINA CROCETTO-WADDINGTON


*John McLaughlin*
John McLaughlin (Jan 24, 2025 05:41 EST)
_____
JOHN MCLAUGHLIN


*Charles R McCurdy*
Charles R McCurdy (Jan 23, 2025 14:23 EST)
_____
CHARLES MCCURDY



RICHARD LILLY

LYNN KOHLER

DANIEL JASPERSON

Michael Rosen    1/29/2025 | 8:42 AM PST

MICHAEL ROSEN

**CLASS COUNSEL**

JEFF OSTROW
KOPELOWITZ OSTROW P.A.

RAINA BORRELLI
STRAUSS BORRELLI PLLC

**DEFENDANT**
**GREYLOCK MCKIINNON ASSOCIATES, INC.**

By:    Renee Rushnawitz

Its    Managing Director

# EXHIBIT 1
# (POSTCARD NOTICE)

Greylock McKinnon Associates
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

NO-PRINT ZONE

<u>Court-Approved Legal Notice</u>
*In re Greylock McKinnon Associates*
*Data Security Litigation*,
1:24-CV-10797-DJC, United States
District Court for the District of Massachusetts

**If your Personal Information was affected by the Data Incident involving Greylock McKinnon Associates on or about May 30, 2023, you may be entitled to benefits from a settlement.**

*A Court has authorized this notice.*
*This is __not__ a solicitation from a lawyer.*

www.XXXXXXXXXXX.com
1-XXX-XXX-XXXX

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

A settlement has been reached in a class action lawsuit against Greylock McKinnon Associates, Inc. ("Defendant") arising out of a Data Incident Defendant discovered on or about May 30, 2023. The Private Information of Settlement Class members may have been accessible in the Data Incident. Private Information may have included names, Social Security numbers, Medicare Health Insurance Claim Numbers, medical information and/or health insurance information.

**Who is Included?** You are a member of the **Injunctive Relief Settlement Class** if you are residing in the United States and your Private Information was affected by the Data Incident. You are a member of the **Damages Settlement Class** if you are residing in the United States and your Social Security number was affected by the Data Incident.

**What does the Settlement Provide?**

For Injunctive Relief Settlement Class Members, the Defendant will make changes to its business practice by taking reasonable steps to further secure its systems and environments with no need to file a Claim Form.

Damages Settlement Class members may be able to receive the following Damages Settlement Class Member Benefits by filing a timely and valid Claim Form online or by mail postmarked by **Month XX, 20YY**:

<u>**Cash Payment A – Documented Losses**</u>: You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred losses fairly traceable to the Data Incident for up to $10,000 per person.

<u>**Cash Payment B – Cash Payment:**</u> In addition to Cash Payment A, you may also choose to receive a flat pro rata (a legal term meaning equal share) cash payment from funds remaining after other payments are made, as described in the Settlement Agreement..

<u>**Credit Monitoring:**</u> In addition to Cash Payments A and B, you may also elect to receive free Credit Monitoring.

**Other Options**. If you do not want to remain in the Damages Settlement Class, you must opt-out no later than **Month XX, 20YY**. If you do not opt-out, you will give up the right to sue and will release the Defendant and Released Parties from the legal claims in this lawsuit.  You cannot opt-out of the Injunctive Relief Settlement Class. If you do not opt-out, you may object to the Settlement by **Month XX, 20YY**. The Long Form Notice on the Settlement Website has instructions on how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits (aside from Defendant's business practice changes), and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees request of up to 33.33% of the $600,000 Settlement Fund, as well as any objections to the Settlement. If you timely object, you or your lawyer may attend and ask to appear at the hearing, but you are not required to do so.

**This notice is a summary. Learn more about the Settlement** at www.XXXXX.com, or by calling toll free 1-XXX-XXX-XXX.

## CLAIM FORM
**Claims must be postmarked or submitted online no later than Month Day, 20YY.**

First Name:

MI:

Last Name:

Mailing Address:

City:

State:

ZIP Code:

**Cash Payment A – Documented Losses:** If you are a Damages Settlement Class member, you may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred unreimbursed losses fairly traceable to the Data Incident for up to $10,000 per person. You must provide documentation showing you spent money or incurred losses fairly traceable to the Data Incident, including receipts or other documentation not "self-prepared" by you. "Self-prepared" documents like handwritten receipts are insufficient for reimbursement, but can be used to add clarity or support other submitted documentation.

**Cash Payment B – Cash Payment:** In addition to Cash Payment A, you may elect to receive a flat payment. Cash Payment B may be subject to a pro rata (a legal term meaning equal share) adjustment.

☐ By checking this box, I affirm I want to receive a flat rate cash payment.

**Credit Monitoring:** In addition to Cash Payments A and B, you may elect to receive free credit monitoring services.

☐ By checking this box, I affirm I want to receive free credit monitoring services.

**By signing my name, I swear and affirm I am completing this Claim Form to the best of my personal knowledge.**

Signature:

Date:



BARCODE
NO-PRINT
ZONE

STAMP

HERE

Greylock McKinnon Data Security Litigation
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

# EXHIBIT 2
# (LONG FORM NOTICE)

# If your Personal Information was affected by the Data Incident involving Greylock McKinnon Associates, Inc. on or about May 30, 2023, you may be entitled to benefits from a settlement.

*A court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Greylock McKinnon Associates, Inc. ("Defendant") arising out of a Data Incident Defendant discovered on or about May 30, 2023. The Personal Information of Settlement Class members may have been accessible in the Data Incident. Personal Information may have included names, Social Security numbers, Medicare Health Insurance Claim Numbers, medical information and/or health insurance information. The lawsuit alleged (1) negligence; (2) negligence per se; (3) breach of third-party beneficiary contract; (4) unjust enrichment; (5) invasion of privacy; and (6) violation of California's Consumer Records Act, California's Unfair Competition Law, California's Consumer Privacy Act, New Jersey's Consumer Security Breach Disclosure Act, and New Jersey's Consumer Fraud Act.

  You are a member of the **Injunctive Relief Settlement Class** if you are residing in the United States and your Personal Information was affected by the Data Incident. "Injunctive relief" is a legal remedy that requires a person or entity to stop or start doing something. Here, the Defendant has made and will maintain in place changes to its business practices by taking reasonable steps to further secure its computer systems and environments. This is the only remedy available to Injunctive Release Settlement Class members.

- You are a member of the **Damages Settlement Class** if you are residing in the United States and your Social Security number was affected by the Data Incident.

- Damages Settlement Class members may be able to receive the following Damages Settlement Class Member Benefits:

  <u>**Cash Payment A – Documented Losses:**</u> You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred unreimbursed losses fairly traceable to the Data Incident for up to $10,000 per person.

  <u>**Cash Payment B – Cash Payment:**</u> In addition to Cash Payment A, you may also choose to receive a flat *pro rata* (a legal term meaning an equal share) cash payment.

  <u>**Credit Monitoring:**</u> In addition to Cash Payments A & B, you may also elect to receive Credit Monitoring.

### This Notice may affect your rights. Please read it carefully.

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Damages Settlement Class, the only way to get Damages Settlement Class Member Benefits is to submit a timely and valid Claim Form. | Submit online or Postmark by: **Month DD, 20YY** |
| **EXCLUDE YOURSELF** | If you are a member of the Damages Settlement Class, you will get no Damages Settlement Class Member Benefits if you exclude yourself. You will keep your right to file your own lawsuit against the Released Parties about the legal claims in this lawsuit that are released by the Settlement. If you are a member of the Injunctive Relief Settlement Class only, you cannot exclude yourself from the Settlement. | Postmarked by: **Month DD, 20YY** |
| **OBJECT TO THE SETTLEMENT** | Stay in the Settlement, but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | Postmarked by: **Month, 20YY** |
| **DO NOTHING** | Get no Damages Settlement Class Member Benefits. Give up your legal rights. | |

**Questions? Go to www.XXXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court must decide whether to approve the Settlement and the requested attorneys' fees, costs, and Service Awards. No Settlement Benefits will be provided unless the Court approves the Settlement.

# BASIC INFORMATION

### 1. Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Denise J. Casper of the United States District Court for the District of Massachusetts is overseeing this class action. The lawsuit is known as *In Re: Greylock McKinnon Associates Data Security Litigation*, Case No. 1:24-CV-10797-DJC ("lawsuit"). The individuals who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the company sued, Greylock McKinnon Associates, Inc., is called the "Defendant."

### 2. What is this lawsuit about?

Plaintiffs filed this lawsuit against Defendant, individually, and on behalf of Settlement Class Members whose Personal Information, which may have included names, Social Security numbers, Medicare Health Insurance Claim Numbers, medical information and/or health insurance information may have been accessible in the Data Incident.

Plaintiffs allege on or about May 30, 2023, as a result of the Data Incident, an unauthorized third party potentially gained access to Settlement Class Members' Personal Information. Plaintiffs brought this lawsuit against Defendant.

Defendant denies the legal claims and denies any wrongdoing or liability. No court or other judicial entity has made any judgment or other determination of any wrongdoing by Defendant, or that any law has been violated. Instead, Plaintiffs and Defendant have agreed to a settlement to avoid the risk, cost, and time of continuing the lawsuit.

### 3. Why is the lawsuit a class action?

In a class action, one or more people (called class representatives) sue on behalf of all people who have similar legal claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt-out) from the class.

The Class Representatives in this lawsuit are Plaintiffs Tim Isaac, Mary Isaac, Theresa McFadden, Valerie Gunther, LeLand Wooten Jr., Paulette Zalewski, Dale Robertson, Albert Waddington, Dina Crocetto-Waddington, John McLaughlin, Charles McCurdy, Lynn Kohler, Richard Lilly, and Michael Rosen.

### 4. Why is there a Settlement?

Plaintiffs and Defendant do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant have agreed to settle the lawsuit to avoid the risks, delay and expense of continuing the litigation. The Class Representatives and their lawyers believe the Settlement is best for all Settlement

Class members because of the benefits available to Settlement Class members and the risks and uncertainty associated with continuing the lawsuit.

# WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are a Settlement Class member if you are a member of the Damages Settlement Class or the Injunctive Settlement Class.

The **Injunctive Relief Settlement Class** includes all individuals residing in the United States whose Personal Information was affected by the Data Incident.

The **Damages Settlement Class** includes all individuals residing in the United States whose Social Security number was affected by the Data Incident.

### 6. Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are (1) the judges presiding over this lawsuit, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Damages Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

### 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.XXXXXXXXXXX.com or call the Settlement Administrator's toll-free number at 1-XXX-XXX-XXXX.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8. What does the Settlement provide?

If you are a Damages Settlement Class member and you submit a timely and valid Claim Form, you may be eligible for the following Settlement Benefits:

**Cash Payment A – Documented Losses**.

You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred unreimbursed losses fairly traceable to the Data Incident for up to $10,000 per person.

Examples of documented losses include out of pocket expenses incurred as a result of the Data Incident, including (without limitation) bank fees, professional fees (such as fees for an attorney or accountant), credit repair services, costs for freezing or unfreezing credit, notary fees, photocopying costs, long distance phone charges (if charged separately), cell phone charges (only charged by the minute), data charges (only if charged based on the amount of data used), postage, mileage for local travel and fees for credit reports, credit monitoring (other than what what was provided by Defendant

or is available through this settlement), or other identity theft insurance products (other than what was provided by Defendant).

Examples of reasonable documentation include (but are not limited to): (i) credit card statements; (ii) bank statements; (iii) invoices; (iv) telephone records; and (v) receipts. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source.

If you do not submit reasonable documentation or if your Claim Form is rejected by the Settlement Administrator for any reason, and you do not resolve the rejected Claim Form, your Claim Form will be treated as if you elected Cash Payment B only.

**Cash Payment B – Cash Payment**. In addition to Cash Payment A, you may also elect to receive Cash Payment B, which is a flat cash payment.

The amount of the payment will be based upon the amount in the Net Settlement Fund, if any, after the payment of Valid Claims for Cash Payment A and for Credit Monitoring and the number of Valid Claims for Cash Payment B, as well as payments for Settlement Administration Costs, attorney's fees and service awards.

If the amount of timely and valid claims for Cash Payment A and cost of Credit Monitoring exceeds the amount of the Net Settlement Fund, no payments will be made for Cash Payment B, although that is not anticipated to occur.

**Credit Monitoring:** In addition to Cash Payments A and B, you may also elect to receive credit monitoring services consisting of one year of one credit bureau.

### 9.  What does the Settlement provide if I am only in the Injunctive Relief Settlement Class?

If you are only in the Injunctive Relief Settlement Class (meaning your Personal Information was affected by the Data Incident, but not your Social Security number), your only remedies under the Settlement are the business practice changes made by the Defendant. Although the Defendant denies any wrongdoing or liability, Plaintiffs have received assurances that the Defendant has undertaken reasonable steps to further secure its computer systems and environments.

### 10.  What am I giving up to receive Settlement Class Member Benefits or stay in the Settlement Class?

If you are a member of the Damages Settlement Class, unless you exclude yourself (opt-out), you are choosing to remain in the Damages Settlement Class. If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendant or any of the Released Parties relating to the Data Incident. The specific rights you are giving up are called "Released Claims" and are described under Question 11 below.

If you are a member of the Injunctive Relief Settlement Class, you cannot exclude yourself from the Injunctive Relief Settlement Class. You will receive the benefit of the injunctive relief (steps taken by Defendant to secure its computer systems and environments) and will give up , any and all claims for injunctive relief that result from, arise out of, are based upon, or relate to the Data Incident.

### 11.  What are the Released Claims?

Questions? Go to www.XXXXXXXXXXX.com or call 1-XXX-XXX-XXXX

4

The Released Claims for Damages Settlement Class Members include all claims that result from, arise out of, are based upon, or relate to (a) the Data Incident; (b) the lawsuit; or (c) any of the alleged violations of laws or regulations cited in the Complaint. The Released Claims for Injunctive Relief Settlement Class Members include, any and all claims for injunctive relief that result from, arise out of, are based upon, or relate to the Data Incident. Section XIII of the Settlement Agreement describes the Released Claims and the Release, in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. For questions regarding the Release or Released Claims and what the language in the Settlement Agreement means, you can also contact Class Counsel listed in Question 14 for free, or you can talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

### 12. How do I make a claim for Settlement Class Member Benefits?

If you are an Injunctive Relief Settlement Class member only, you cannot submit a Claim Form. If you are a Damages Settlement Class member, you must submit a timely and valid Claim Form if you want to receive any of the Damages Settlement Class Member Benefits described in Question 8. Your Claim Form must be submitted online at www.xxxxxxxxx.com by **MONTH DD, 20YY**, or mailed to the Settlement Administrator at the address on the Claim Form, **postmarked** by **Month DD, 20YY**. Claim Forms are also available on the Settlement Website at www.xxxxxxxxx.com or by calling 1-XXX-XXX-XXXX or by writing to:

*Greylock McKinnon Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

### 13. What happens if my contact information changes after I submit a Claim Form?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by writing to:

*Greylock McKinnon Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

### 14. When will I receive my Settlement Class Member Benefits?

If you are a Damages Settlement Class member and you file a timely and valid Claim Form, Damages Settlement Class Member Benefits will be provided by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.XXXXXXXXXXX.com for updates.

## THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in this lawsuit?

Yes, the Court has appointed Raina Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this lawsuit.

## 16. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award the attorneys' fees and costs of up to 33.33% of the $600,000 Settlement Fund. Class Counsel will also ask the Court to approve Service Awards for the Class Representatives of up to $2,500 each for their efforts in achieving the Settlement. If awarded by the Court, the attorneys' fees and costs, and the Service Awards will be paid from the Settlement Fund. The Court may award less than these amounts.

Class Counsel's application for the attorneys' fees and costs and the Service Awards will be made available on the Settlement Website at www.XXXXXXXXXXX.com. no later than **DATE**.

# OPTING OUT FROM THE SETTLEMENT

If you are a Damages Settlement Class member and want to keep any right you may have to sue or continue to sue the Defendant or any of the Released Parties on your own based about the legal claims in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

If you are a member of the Injunctive Relief Settlement Class, you cannot exclude yourself from the Injunctive Relief Settlement Class.

## 17. How do I opt-out of the Settlement?

If you are a Damages Settlement Class member and you want to exclude yourself from the Damages Settlement Class, you must mail a written request for exclusion, which includes the following:

1) Your name, address, telephone number, and email address (if any);
2) Your personal physical signature; and
3) A statement that you want to be excluded from the Damages Settlement Class, such as "I hereby request to be excluded from the Settlement Class in the *Greylock McKinnon Data Breach Litigation*."

The exclusion request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **MONTH DD, 20YY**:

*Greylock McKinnon Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt-out (exclude yourself) by telephone or by email.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where the opt-out hasn't been signed by each and every individual Settlement Class Member will not be allowed.

If you are a member of the Injunctive Relief Settlement Class only, you cannot exclude yourself from the Injunctive Relief Settlement Class.

## 18.  If I opt-out can I still get anything from the Settlement?

If you are in the Damages Settlement Class and you opt-out, you will not be entitled to receive Damages Settlement Class Benefits, but you will receive the benefit of the injunctive relief requiring that Defendant maintain certain steps taken to secure its systems and environments. You will release only  any and all claims for injunctive relief that result from, arise out of, are based upon, or relate to the Data Incident. You can only get Damages Settlement Class Benefits, including money and/or credit monitoring, if you stay in the Settlement and submit a timely and valid Claim Form.

If you are a member of the Injunctive Relief Settlement Class only, you cannot exclude yourself from the Injunctive Relief Settlement Class.

## 19.  If I do not opt-out, can I sue Defendant for the same thing later?

No. Unless you are in the Damages Settlement Class and you opt-out, you give up any right to sue any of the Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Incident. You must opt-out of this lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

If you are a member of the Injunctive Relief Settlement Class only, you cannot exclude yourself from the Injunctive Relief Settlement Class. You will not give up any right you may have, if any, to sue for damages, but you will release , any and all claims for injunctive relief that result from, arise out of, are based upon, or relate to the Data Incident.

# OBJECTING TO THE SETTLEMENT

## 20.  How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class member, you can tell the Court you do not agree with all or any part of the Settlement.

To object, you must send timely written notice as provided below no later than **MONTH DD, 20YY**, by U.S. mail to the Clerk of the Court, Class Counsel, Defendant's Counsel and the Settlement Administrator postmarked by or shipped by private courier (such as Federal Express) by **MONTH DD, 20YY**, stating you object to the Settlement in *In Re: Greylock McKinnon Associates Data Security Litigation*, Case No. 1:24-CV-10797-DJC.

To file an objection, you cannot exclude yourself from the Settlement Class. Your objection must include all of the following information:

1) Your full name, address, telephone number, and email address (if any);
2) All grounds for the objection, accompanied by any legal support for the objection known to you as the objector or your own lawyer;
3) The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made

such objection, and a copy of any orders related to or ruling upon your prior objections that were issued by the trial and appellate courts in each listed case;

4) The identity of all lawyers representing you in connection with the objection (if any), including any former or current lawyers who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

5) The number of times in which your lawyer or your lawyer's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which your lawyer or the firm has made such objection and a copy of any orders related to or ruling upon your lawyer's or the lawyer's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which your lawyer's counsel and/or lawyer's law firm have objected to a class action settlement within the preceding five years;

6) The identity of all counsel (if any) representing you as an objector who will appear at the Final Approval Hearing;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

8) A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and

9) Your signature as the objector (an attorney's signature is not sufficient).

To be timely, written notice of an objection including all of the information above must be mailed to the Clerk of Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator **postmarked** by **MONTH DD, 20YY**, at the following addresses:

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|---|
| Clerk of Court John Joseph Moakley U.S. Courthouse 1 Courthouse Way Suite 2300 Boston, MA 02210 | Jeff Ostrow Kopelowitz Ostrow P.A. 1 West Las Olas Blvd, Suite 500 Fort Lauderdale, FL 33301 | Wystan M. Ackerman Linn F. Freedman Kevin P. Daly Robinson & Cole LLP One State Street Hartford, CT 06103 | Greylock McKinnon Data Breach Litigation Settlement Administrator PO Box XXXX Portland, OR 972XX-XXXX |

If you fail to comply with the requirements for objecting as detailed above, you waive and forfeit any and all rights you may have to appear separately and/or to object to the Settlement and you will be bound by all the terms of the Settlement and by all proceedings, orders, and judgments in the lawsuit.

### 21. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or the requested attorneys' fees and costs. You can object only if you stay in the Settlement Class (meaning you do not opt-out of the Settlement if you are in the Damages Settlement Class). Opting out of the Settlement is telling the Court you do not want to be part of the Damages Settlement Class or the Settlement. If you opt-out, you cannot object to the Settlement.

## THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend and you may ask to speak if you file an objection by the deadline, but you do not have to.

## 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **MONTH DD, 20YY, at XX:XX a.m./p.m.** before the Honorable Denise J. Casper at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards to the Class Representatives.

If there are objections that were filed by the deadline, the Court will consider them. If you file a timely objection, and you would like to speak at the hearing, the Court will also listen to you or your lawyer speak at the hearing, if you so request.

**Note:** The date and time of the Final Approval Hearing are subject to change without further notice to the Settlement Class. The Court may also decide to hold the hearing via video conference or by telephone. You should check the Settlement Website www.xxxxxxx.com to confirm the date and time of the Final Approval Hearing has not changed.

## 23. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you file your written objection by the deadline, the Court will consider it.

## 24. May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself (opt-out) and you file a timely written objection requesting to speak at the hearing, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting to the Settlement listed in Question 19 above—and specifically include a statement as to whether you and your counsel will appear at the Final Approval Hearing.

# IF YOU DO NOTHING

## 25. What happens if I do nothing at all?

If you are a Damages Settlement Class member and you do nothing, you will not receive Damages Settlement Class Member Benefits, and you will give up rights explained in the "Opting Out from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties about the legal issues in this lawsuit that are released by the Settlement relating to the Data Incident. If you are an Injunctive Relief Settlement Class member and do nothing, the Defendant's business practice changes (reasonable steps to further secure its systems and environments) will still apply to you and your claims for certain injunctive relief will be released as described under Question 19 above.

**Questions? Go to www.XXXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

9

# GETTING MORE INFORMATION

| 26. How do I get more information? |
| --- |

This Notice summarizes the Settlement. Complete details about the Settlement are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXXXXXX.com. You may get additional information at www.xxxxxxxxxx.com, by calling toll-free 1-XXX-XXX-XXXX, or by writing to:

*Greylock McKinnon Data Breach Litigation*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

# EXHIBIT 3
# (CLAIM FORM)

**Must be postmarked or submitted online NO LATER THAN [deadline]**

XXXX SETTLEMENT AMINISTRATOR
P.O. BOX **XXXX**
PORTLAND, OR XXXXX-XXXX
**www. XXXXXXXXXXXXXX.com**

### In Re: Greylock McKinnon Associates Data Security Litigation Claim Form
Case No. 1:24-CV-10797-DJC

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

The **Damages Settlement Class** includes all individuals residing in the United States whose Social Security number was affected by the Data Incident.

If you are a Damages Settlement Class member, you may be eligible for the following Settlement Class Member Benefits.

**The easiest way to submit a claim is online at www.XXXXXXXXXXX.com**, or you can complete and mail this Claim Form to the mailing address above.

**You may submit a Claim for one or more of these benefits:**

1.  **Cash Payment A – Documented Losses**: You may submit a timely and valid Claim Form and provide supporting documentation showing that you spent money or incurred unreimbursed losses, as provided for in the Settlement Agreement, fairly traceable to the Data Incident for up to $10,000 per person. Supporting documentation is required.

    **AND/OR**

2.  **Cash Payment B – Cash Payment:** In addition to Cash Payment A, you may also choose to receive a flat pro rata (a legal term meaning an equal share) cash payment. The amount will be determined based on: (1) the amount remaining in the Settlement Fund, if any, after the payment of Valid Claims for Cash Payment A and for Credit Monitoring; and (2) the number of Valid Claims for Cash Payment B.

    **AND/OR**

3.  **Credit Monitoring:** In addition to Cash Payments A and B, you may also elect to receive free credit monitoring services inclusive of one year of one bureau of monitoring.

*     *     *

**Claims must be submitted online or mailed by [deadline]. Use the address at the top of this form for mailed claims.**

*Please note: the Settlement Administrator may contact you to request additional documents to process your Claim. Your* **Cash Payment** *may decrease depending on the number of Claims filed.*

For more information and complete instructions visit **www.XXXXXXXXXXX.com**

Please note that Settlement Class Member Benefits will be distributed after the Settlement is approved by the Court and becomes final.

**01-CAXXXX**
MOCKUP1 v.05

## Your Information

**1. NAME (REQUIRED):**

First Name

MI

Last Name

**2. MAILING ADDRESS (REQUIRED):**

Street Address

Apt. No.

City

State

ZIP Code

**3. PHONE NUMBER:**

**4. EMAIL ADDRESS:**

**5. UNIQUE ID:**

## Credit Monitoring Services
*You may be eligible to receive free Credit Monitoring services.*

All Damage Settlement Class Members are eligible to claim Credit Monitoring services.

*Please select the checkbox if you want the Credit Monitoring services for which you are eligible.*

☐ **Credit Monitoring services:** I want to receive free Credit Monitoring services at the email entered in the above section.

*If you select this option, you will be sent instructions and an activation code to your email address or home address after the Settlement is final. Enrollment in this service will not subject you to marketing for additional services or any required payments.*

02-CAXXXX
MOCKUP2 v.05

## Cash Payment A: Documented Losses

If you lost or spent money trying to prevent or recover from fraud or identity theft that you believe is fairly traceable to the Data Incident and have not been reimbursed for that loss/expenses, you can receive reimbursement for up to $10,000 total. Eligible losses include those incurred on or after May 30, 2023, up to the date of filing your Claim.

It is important for you to send documents that show what happened and how much you lost or spent, so that you can be reimbursed. "Self-prepared" documents like handwritten receipts are insufficient for reimbursement, but can be used to add clarity or support other submitted documentation.

To look up more details about how Cash Payments work, visit **[website]** or call toll-free **[phone number]**. You will find more information about the types of costs and losses that can be paid back to you, what documents you need to attach, and how the Settlement Administrator decides whether to approve your payment. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data breaches.*

| Loss Type and Examples of Documents | Amount and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Data Incident) |
|---|---|---|
| Costs related to credit monitoring purchases/ freezing/unfreezing credit between **May 30, 2023,** and **[deadline]**. *Examples: Receipts, notices, or account statements reflecting payment for a credit freeze* | $ ⬚⬚⬚ . ⬚⬚  Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚  MM    DD    YYYY | _____  _____  _____ |
| Costs, expenses, and losses due to identity theft, fraud, or misuse of your personal information on or after **May 30, 2023,** and fairly traceable to the **Greylock McKinnon Associates** breach. *Examples: Account statement with unauthorized charges circled; police report; IRS document; FTC Identity Theft Report; letter refusing to refund fraudulent charges; receipt for your credit monitoring services purchase* | $ ⬚⬚⬚ . ⬚⬚  Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚  MM    DD    YYYY | _____  _____  _____ |
| Other expenses such as notary, fax, postage, copying, mileage, long-distance telephone charges, or professional fees related to the Data Incident. *Examples: Phone bills, receipts, detailed list of addresses you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled* | $ ⬚⬚⬚ . ⬚⬚  Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚  MM    DD    YYYY | _____  _____  _____ |

03-CAXXXX
MOCKUP3 v.05

## Cash Payment A: Documented Losses

If you lost or spent money trying to prevent or recover from fraud or identity theft that you believe is fairly traceable to the Data Incident and have not been reimbursed for that loss/expenses, you can receive reimbursement for up to $10,000 total. Eligible losses include those incurred on or after May 30, 2023, up to the date of filing your Claim.

 It is important for you to send documents that show what happened and how much you lost or spent, so that you can be reimbursed.

To look up more details about how Cash Payments work, visit **[website]** or call toll-free **[phone number]**. You will find more information about the types of costs and losses that can be paid back to you, what documents you need to attach, and how the Settlement Administrator decides whether to approve your payment. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data breaches.*

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Data Incident) |
|---|---|---|
| Unreimbursed Bank Fees<br>*Examples: Bank statements with fees, such as card reissuance, unreimbursed overdraft and late fees, circled.* | $ [    ] . [  ]<br>Date:<br>[  ] – [  ] – [    ]<br>MM      DD      YYYY | _____<br>_____<br>_____ |
| Postage or Gasoline for Local Travel<br>*Example: Postage or gasoline receipts with charges circled.* | $ [    ] . [  ]<br>Date:<br>[  ] – [  ] – [    ]<br>MM      DD      YYYY | _____<br>_____<br>_____ |
| Any other expenses related to the Data Incident.<br>*Example: Cell phone data charges, cell phone minutes, long distance charges with proof of expense and payment.* | $ [    ] . [  ]<br>Date:<br>[  ] – [  ] – [    ]<br>MM      DD      YYYY | _____<br>_____<br>_____ |

`

06-CAXXXX
MOCKUP6 v.05

## Cash Payment B: Flat Cash Payment

In addition to or instead of Cash Payment A and Credit Monitoring, you may also elect to receive a flat cash payment. Your Cash Payment may be subject to a pro rata (a legal term meaning equal share) adjustment.

☐ **By checking this box, I affirm I want to receive a flat rate payment under Cash Payment B.**

## How You Will  Receive Your Payment

If you made a claim for payment on this Claim Form, and if your claim and the settlement are finally approved, an email will be sent from [noreply@epiqpay.com] to the email address you provided on this Claim Form, prompting you to elect your method of payment.  Popular electronic payment options will be available, or you can elect a check.  Please ensure you have provided a current and complete email address.  If you do not provide a current and valid email address, the claims administrator may attempt to send you a check relying on your physical address on file.

06-CAXXXX
MOCKUP6 v.05

## Signature

I affirm under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my Claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

_____          **Date:** [ ] – [ ] – [ ]
**Print Name**                                            MM      DD      YYYY
**Signature**


**08-CAXXXX**
MOCKUP8 v.05